(No. 5191- )

JOSEPH SWEE, T. M. JABLONSKI, HAROLD MARISCEK, HENRY CARR, RAYMOND TOOHEY, MARY JANE WINN, HARRY HECHT, RAYMOND DELANEY, ROY DROLEN, JOHN ALLMAN, RAYMOND CISCO, MILTON EDSTRAND, JOSEPH PETERS, LAWRENCE MAGGIO, WILLIAM O'BRIEN, WILLIAM TRIGG, NORA SCANNEL, and O. W. WILSON AS SUPERINTENDENT OF POLICE, Claimants, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed May 11, 1965.*

JOSEPH SWEE, T. M. JABLONSKI, HAROLD MARSICEK, HENRY CARR, RAYMOND TOOHEY, MARY JANE WINN, HARRY HECHT, RAYMOND DELANEY, ROY DROLEN, JOHN ALLMAN, RAYMOND CISCO, MILTON EDSTRAND, JOSEPH PETERS, LAWRENCE MAGGIO, WILLIAM O'BRIEN, WILLIAM TRIGG, NORA SCANNEL, AND O. W. WILSON AS SUPERINTENDENT OF POLICE, Claimants, pro se.

WILLIAM G. CLARK, Attorney General; GERALD S. GROBMAN, Assistant Attorney General, for Respondent.

192

DOVE, J.

On November 2, 1964, a petition for reimbursement for travel expenses, which were incurred by certain detectives and police officers of the City of Chicago in the performance of their official duties as messengers of the Governor of the State of Illinois in extradition proceedings, was filed in the Court of Claims. It is alleged therein that the sum of $5,186.15 is now due and owing claimants.

A written stipulation was subsequently entered into by and between O. W. Wilson as Superintendent of Police of the City of Chicago and the Attorney General for the State of Illinois. It provides in part as follows:

"That claimants are the duly appointed police officers of the Judicial District of Cook County of the State of Illinois with Police Headquarters located at 1121 South State Street, Chicago, Illinois.

"That from the period of January 1, 1962 through June 30, 1963, as set forth in the Bill of Particulars of the Amended Complaint, said claimants incurred out of pocket expenses for travel and meals in the performance of their official duties as messengers of the Governor of the State of Illinois.

"That, as set forth in the Bill of Particulars of the Amended Complaint, claimants were in the performance of official duties outside the State of Illinois pursuant to Chap. 60, Par. 41 of the 1963 Ill. Rev. Stats.

"That the appropriation available during the 72nd biennium has lapsed.

"That in each and every instance hereinabove set forth where the expenses were incurred there remained a sufficient unexpended balance in the appropriation. from which payments could have been made.

"That said claim has not been previously presented to any State Department or officer thereof, and that said claimants are the sole owners of the claim or interest therein, and that no assignment or transfer has been made of these claims, or any part thereof, except as stated in the complaint.

"That claimants are justly entitled to the amounts therein claimed from the State of Illinois, or the appropriate State Authority, after allowing all just credits.

"That claimants believe the facts stated in their complaint are true, and that there is now due the sum of $3,780.50.

"That no other claims arising out of the same occurrences have been previously presented to any person, corporation or tribunal other than the State of Illinois."

In conjunction with the said stipulation, a joint motion of claimants and respondent was filed for leave to amend the ad damnum clause of claimants' amended complaint. This motion was allowed in an order filed by the Chief Justice on March 19, 1965. It grants leave to claimants to amend the ad damnum clause by reducing their prayer for relief to $3,780.50.

A report of the Department of Finance, signed by James A. Ronan, Director, was also filed in this matter. The last paragraph thereof states:

"Our records disclose that the messengers made the trips out of State in pursuance of proper authorizations, and their reimbursement accounts are due and payable in a total amount of $3,780.50. Vouchers were not drawn in payment of the expenses incurred for the reason that the same were presented after the biennial appropriation period had lapsed."

With reference to extradition expenses, Sec. 41 of Chap. 60, 1963 Ill. Rev. Stats., provides as follows: "When the punishment of the crime shall be the confinement of the criminal in the penitentiary, the expenses shall be paid out of the State Treasury." It appears that in the instant case all qualifications for an award have been met.

Claimants are, therefore, hereby awarded the total sum of $3,780.50 payable as follows:

| | |
|---|---|
| Joseph Swee and T. M. Jablonski | $902.30 |
| Nora Scannel | 220.00 |
| Harold Marsicek and Henry Carr | 263.30 |
| Raymond Toohey and Mary Jane Winn | 850.70 |
| Harry Hecht and Raymond Delaney | 638.65 |
| Raymond Cisco and Milton Edstrand | 431.65 |
| O. W. Wilson, Superintendent of Police of the City of Chicago | 473.90 |